IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
DONALD HIRZ, et al.,                            : CASE NO. 1: 07 CV 01833
                                                :
                              Plaintiffs,       :
                                                : SUA SPONTE ORDER OF REMAND
              -vs-                              :
                                                :
                                                :
TRAVELCOMM INDUSTRIES, INC., et                 :
al.,                                            :
                                                :
                              Defendants.       :
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Plaintiffs – seventy-two separate, named individuals – seek relief from defendants Travelcomm Industries, Inc., Rigoberto Sotolongo, and Peter Sotolongo (collectively "Travelcomm"), pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, for allegedly sending each named individual unsolicited advertisements via facsimile machine. (Doc. 1). On 20 June 2007 Travelcomm timely removed this matter from Lake County Court of Common Pleas pursuant to this Court's federal question jurisdiction, 28 U.S.C. §§ 1331 & 1441. (Doc. 1).

For the reasons discussed below this matter will be remanded to the Lake County Court of Common Pleas.

"Federal question" jurisdiction grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" a federal law in "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or

that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420.

Removal jurisdiction raises significant federalism concerns and, as such, federal courts must strictly construe such jurisdiction. See Merrell Dow Pharm, Inc. v. Thompson, 478 U.S. 804, 808 (1986); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). Accordingly, a federal court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction. Shamrock Oil, 313 U.S. at 108-109(1941); Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000); Brierly v. Alusuisse Flexible Pkg., Inc., 184 F.3d 527, 534 (6th Cir. 1999), cert. denied, 528 U.S. 1076 (2000)

Pursuant to 28 U.S.C. § 1447(c), "... if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." A Court is charged with the duty of continually reexamining its jurisdiction and must sua sponte remand cases it finds lacking subject matter jurisdiction. See Franchise Tax Board v. Construction Laborors Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); Anusbigian v. Trugreen/Chemlawn, Inc. 72 F.3d 1253, 1254 (6th Cir. 1996). Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand. Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3rd Cir. 1985).

In this instance, the plaintiffs' action arises under 47 U.S.C. § 227(b)(3), which

2

provides in relevant part:

> (3) Private right of action
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –

47 U.S.C. § 277(b)(3). The TCPA entitles a plaintiff to bring a private right of action for damages in the sum of $500.00 for each separate transmission of an unsolicited fax advertisement, or $1,500.00 if the fax advertisements were "willfully" transmitted. 47 U.S.C. § 227(b)(3). Here, pursuant to the TCPA and supplemental state claims, the plaintiffs seek the total sum of $809,000 from Travelcomm for the defendants' alleged willful dissemination of unsolicited fax advertisements. (Complaint ¶ 141).

Regarding the jurisdictional parameters of the TCPA, the Sixth Circuit has specifically observed that "state courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims are well-settled." Dun-Rite Constr., Inc. v. Amazing Tickets, Inc., No. 04-32163, 2004 WL 3239533 (6th Cir. 16 Dec. 2004). See Murphy v. Lanier, 204 F.3d 911, 915 (9th Cir. 2000) (finding no federal question jurisdiction for TCPA claims); ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 519 (3rd Cir. 1998) (same); Faxhall Realty Law Office Inc. v. Telecomms. Premium Servs., Ltd., 156 F.3d 432, 434 (2nd Cir. 1998) (same); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1289 (11th Cir. 1998), modified in 140 F.3d 898 (11th Cir. 1998) (finding no federal jurisdiction for TCPA claims and noting "the general jurisdiction grant of section 1331 does not apply if a specific statute assigns jurisdiction elsewhere."); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507, 514 (5th Cir. 1997) (finding in the


legislative history surrounding the TCPA that Congress intended the statute to be enforced in state court); and Int'l Science & Tech. Inst., Inc. v. Inacom Commc'ns, Inc., 106 F.3d 1146 (4th Cir. 1997) (determining that the language of the statute, the Congressional history, and the purpose behind the law invest state courts with exclusive jurisdiction to hear TCPA claims).  As the Eight Circuit Court of Appeals cogently observed, the "TCPA was intended not to supplant state law, but to provide interstitial law preventing evasion of state law by calling across state lines."  Van Bergen v. State of Minnesota, 59 F.3d 1541, 1547-48 (8th Cir. 1995) (finding that the purpose of the statute was to enable state enforcement of non-consensual telemarketing).

Considering the weight of preceding authority, the Court concludes that 47 U.S.C. § 227(b)(3) fails to provide a basis for federal question jurisdiction.  Accordingly, the Court sua sponte remands this action to the Lake County Court of Common Pleas.  The Clerk shall mail a certified copy of this order to the Clerk of the Lake County Court of Common Pleas, in accordance with 28 U.S.C. § 1447(c).


    IT IS SO ORDERED.


    /s/Lesley Wells
    UNITED STATES DISTRICT JUDGE